UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORRI MONTAGUE DURDEN,

    Plaintiff,

v.                                             Case No. 22-10398

LOPEZ, *et al.*,                           Sean F. Cox
                                                  United States District Court Judge

    Defendants.
_____/

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## JANUARY 17, 2023, REPORT AND RECOMMENDATION

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Torri Montague Durden ("Durden") on behalf of himself, proceeding *pro se*, filed a complaint alleging that Defendants violated his constitutional rights. (ECF No. 1.) Specifically, Durden alleges that he was retaliated against for exercising his First Amendment rights, and that Defendants failed to protect him from certain acts of physical harm resulting from such retaliation, in violation of Eighth Amendment.

Pursuant to 28 U.S.C. § 636(b)(1), all pretrial matters were referred to Magistrate Judge David R. Grand.

On November 14, 2022, MDOC employees Sam Morgan, Roland Price, and Larry Ferns (collectively, "Defendants") filed a Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 24). Durden then filed a response, and Defendants filed a reply. (ECF Nos. 27, 28).

On January 17, 2023, the magistrate judge issued a Report and Recommendation ("R&R") recommending that the Defendants' Motion for Summary Judgment (ECF No. 24) be **GRANTED**. Durden was served with a copy of the R&R that same day.

Under FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

To properly object to the R&R, Plaintiff must do more than simply restate the arguments set forth in his summary judgment motion. *Senneff v. Colvin,* 2017 WL 710651 at * 2 (E.D. Mich. Feb. 23, 2017). Absent compelling reasons, the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n 1 (6th Cir. 2000).

In Durden's Objection, he reiterates the argument made in his Complaint, that he did in fact exhaust his administrative remedies, contrary to Defendants' claims, but that staff failed to process his grievance. (ECF No. 33).

In his Complaint, Durden explained that "following the May [30th] stabbing and [his] being interviewed by defendants Morgan and Ferns, [he] did file a grievance the following day," but "while awaiting [his] reply the June 7th stabbing occurred . . ." (ECF No. 27, PageID.148). He contends that he was then "admitted to the hospital and upon return, soon after transferred to [his] current facility [at SLF] and never heard anything pertaining to [his] filed grievance." (*Id.*).

In other words, Durden essentially concedes that he did not pursue a grievance against Defendants through Step III but argues that such failure should be excused given he never received a response to the Step I grievance he allegedly filed against them. As explained below, Durden's argument lacks merit.

The U.S. Supreme Court has reiterated that the Prison Litigation Reform Act's ("PLRA") exhaustion requirement hinges on the availability of administrative remedies: an inmate "must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). Thus, courts have recognized that "although completing [all steps of the grievance process] is a sufficient condition, it is not always a necessary one." *Palmer v. Flore*, 3 F. Supp. 3d 632, 637 (E.D. Mich. 2014). In other words, where a prisoner makes reasonable efforts to exhaust a grievance, and his failure to exhaust is due to the exhaustion process being "unavailable," that failure cannot be grounds for finding his underlying claim to be unexhausted.

However, a prisoner cannot overcome a properly-supported summary judgment motion simply by asserting that the grievance process was "unavailable." Rather, as in all cases, the prisoner must make an affirmative showing with proper evidence to at least raise a material question of fact on the issue. *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (internal quotations omitted).

Because it is undisputed that Durden did not exhaust any relevant grievances, the issue here is whether Durden presented sufficient evidence to raise a material question of fact that he made reasonable efforts to exhaust the grievance process, but that the process was "unavailable" to him. See, e.g., *Young v. Jackson*, No. 12-12751, 2013 WL 8178397, at *8-9 (E.D. Mich. Nov. 13, 2013); *Graham v. Chicowski*, No. 16-12258, 2017 WL 3097803, at *5 (E.D. Mich. Apr. 18, 2017). Durden has simply failed to meet that burden here. Even assuming Durden filed an initial Step I grievance against Defendants for their alleged failure to protect him from assaults, he presented no evidence from which the Court could conclude that he took reasonable steps to exhaust such grievance, or that the later steps in the grievance process were "unavailable" to him. This is critical because, as explained above, the Policy requires a grievant to exhaust "all three steps of the

grievance process." (ECF No. 24-2, PageID.116, ¶ C). Durden's response brief makes clear that he took no further actions after filing that initial grievance because he "never heard anything pertaining to [his] filed grievance." (ECF No. 27, PageID.148).

But not receiving a response does not mean the grievant cannot take reasonable steps to exhaust his grievance or that the grievance process was "unavailable" to him. In fact, the Policy makes clear that the mere lack of a Step I response does not absolve Durden of his obligation to pursue his grievance through Steps II and III of the grievance process. The Policy explicitly provides that, if a grievant does not receive a timely Step I response, in order to properly exhaust the grievance, he must still submit a Step II appeal "within ten business days of the date the response was due." (ECF No. 24-2, PageID.121, ¶ DD). Similarly, if the grievant does not receive a timely Step II response, he must still file a final appeal to Step III. (Id., ¶ HH).

Durden thus fails to raise a material question of fact that he took reasonable actions to exhaust any relevant grievance, or that the three-step grievance process was "unavailable" to him. *Jones v. Bock*, 549 U.S. 199, 200 (2007). Having not pursued any relevant grievance against defendants Morgan, Price, and Ferns beyond Step I, it is undisputed that Durden's claims against them are not properly exhausted.

For these reasons, the Court agrees with the analysis and conclusion in the R&R. Accordingly, the Court **OVERRULES** Durden's objection (ECF No. 33), **ADOPTS** the magistrate judge's January 17, 2023, Report and Recommendation (ECF No. 32) and **ORDERS** that the Defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED**.

Dated: March 16, 2023                                s/Sean F. Cox
                                                     Sean F. Cox
                                                     U. S. District Judge